UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DR. AMBERLY M. WILLIAMS,
M.S., PH.D.,

        Plaintiff,

    v.

RON NOBLE, et al.,

        Defendants.

Case No. 3:26-cv-00519-YY

FINDINGS AND
RECOMMENDATIONS

**FINDINGS**

Plaintiff, who is proceeding *pro se*, has filed this action against dozens of defendants, including state and federal senators and congressional representatives, governors of two states, Yamhill County Commissioners, Yamhill County Circuit Court, Yamhill County judges, McMinnville police officers, a newspaper, churches, and clergy members, among other individuals. The complaint suffers from a myriad of deficiencies. This court explained the deficiencies to plaintiff and gave her an opportunity to file an amended complaint, but she failed to do so. Therefore, the case should be dismissed without prejudice.

Federal law provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1 – FINDINGS AND RECOMMENDATIONS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction; . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include in the alternative or different types of relief." Fed. R. Civ. P. 8(a). "Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2006) (citations omitted). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Federal courts hold a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*) (holding a document filed *pro se* "is to be liberally construed"; a plaintiff need only give the defendant fair notice of the claim and the grounds on which it rests) (citation omitted). "Although . . . *pro se* litigant[s] . . . may be entitled to great leeway when the court construes [their] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Before dismissing a case for failure to state a claim, the court must provide a *pro se* litigant with notice of the deficiencies in the complaint and an opportunity to amend, unless it is apparent that amendment would be futile. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff's 167-page complaint suffers from numerous deficiencies. First, plaintiff alleges that certain defendants violated criminal statutes. Plaintiff, as a private party, cannot bring a civil claim based on the violation of a federal criminal statute. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining that criminal provisions under Title 18 of the U.S. Code "provide no basis for civil liability") (citations omitted); *see also Vrooman v. Armstrong*, No. 3:16-CV-01109-YY, 2016 WL 6139953, at *2 (D. Or. Sept. 30, 2016), *report and recommendation adopted*, 2016 WL 6139924 (D. Or. Oct. 20, 2016) ("This court cannot resolve a criminal dispute brought by a private citizen. Criminal statutes are public in nature, prosecuted in the name of the United States.").

Second, plaintiff's complaint alleges incidents that have no apparent relationship with each other. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In contrast, unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Medina Chiprez v. Becerra*, Case No. 20-cv-00307-YGR (PR), 2020 WL 4284825, at *1 (N.D. Cal. July 27, 2020) (recognizing "while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints"); *Gonzalez v. Maldonado*, No. 1:11-cv-01774-SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9, 2013) (same). As currently pleaded, plaintiff's claims against multiple defendants do not satisfy the requirements of Rule 20(a)(2) for permissive joinder.

Third, it appears that plaintiff filed the same lawsuit against at least some of these defendants in Yamhill County Circuit Court. *See* Compl. 16, ECF 2. If so, the claims are barred by the *Rooker-Feldman* doctrine, which "forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013); *see also Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the doctrine limits this court's jurisdiction regarding claims "brought by state-court losers complaining of injuries caused by state-court judgments"). Even if the state court proceedings are still ongoing, plaintiff's claims would be barred by the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971) ("espouse[ing] a strong federal policy against federal-court interference with pending state judicial proceedings"); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) ("When the case is one in which the *Younger* doctrine applies, the case must be dismissed.").

Fourth, plaintiff alleges that state court judges wrongfully convicted her and ruled against her. *See* Compl. 17, 28–29, ECF 2. However, judges are "absolutely immune for judicial acts." *Simmons v. Sacramento Co. Superior Ct.,* 318 F.3d 1156, 1161 (9th Cir. 2003). "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (simplified).

Fifth, plaintiff alleges that her "lawsuit is imperative to the physical & spiritual health & safety of Israel/Palestine, this great nation & the entire world" and "is a plea & call to action against government stagnancy in the face of international warfare." Compl. 2, ECF 2. Plaintiff

provides no legal basis for such a claim and, therefore, has failed to allege a claim for relief under Rule 12(b)(6).

Finally, to a large extent, plaintiff's 167-page complaint is incomprehensible. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 8 is violated when a complaint consists of "incomprehensible rambling." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory"); *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981) (holding Rule 8(a) is violated when a complaint is excessively "verbose, confusing and almost entirely conclusory"); *Schmidt v. Herrmann,* 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding a Rule 8(a) dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings"). While "the proper length and level of clarity for a pleading cannot be defined with any great precision," Rule 8(a) has "been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *Cafasso*, 637 F.3d at 1059 (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1217 (3d ed. 2010)).

## RECOMMENDATIONS

The case should be dismissed without prejudice due to deficiencies in the complaint that plaintiff has not cured, despite being given an opportunity to do so.

//

//

//

**SCHEDULING ORDER**

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Monday, May 18, 2026. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED April 27, 2026.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge